UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 12-83-KSF

LEONARD MARTIN                                                                                        PETITIONER

v.                                            **OPINION & ORDER**

GARY BECKSTROM, WARDEN                                                              RESPONDENT

\* \* \* \* \* \* \* \* \* \*

On July 27, 2012, petitioner Leonard Martin filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DE #1] challenging his conviction and incarceration on state convictions of three counts of first-degree sexual abuse and one count of first-degree sodomy. Consistent with local practice, this matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On April 23, 2013, the Magistrate Judge filed his Recommended Disposition wherein he recommended that the petition be denied on various grounds [DE #13]. First, the Magistrate Judge considered Martin's claim that double jeopardy barred retrial after his first trial resulted in a mistrial "provoked by the prosecution." Applying the highly deferential standard of review provided by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254, the Magistrate Judge determined that the Kentucky Supreme Court identified the correct governing legal principles and reasonably applied them to the facts of this case in concluding that there was no double jeopardy violation. Moreover, the Magistrate Judge found that the Kentucky Supreme Court's decision clearly does not contravene or unreasonably apply federal precedent as announced by the United States

Supreme Court. As a result, the Magistrate Judge determined that Martin's double jeopardy claim does not merit habeas relief.

Next, the Magistrate Judge considered Martin's allegation that the state courts erred by finding admissible at trial certain evidence, including the testimony of two additional alleged victims regarding other uncharged criminal acts. Because alleged errors in evidentiary rulings by state courts are generally not cognizable in federal habeas cases, the Magistrate Judge noted that there was no cognizable basis for granting habeas relief. *See Moreland v. Bradshaw*, 699 F.3d 908, 923 (6th Cir. 2012); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007). To the extent that Martin claims that the state's evidentiary ruling violated his federal due process rights, the Magistrate Judge held that Martin did not fully and fairly present this constitutional claim first to the state courts, and he failed to show cause for failing to do so or any resulting prejudice. Even if Martin could be considered to have exhausted a federal due process claim, the Magistrate Judge found he still cannot succeed because Martin failed to point to any Supreme Court authority holding that the admission of prior bad acts evidence violates due process or that the prior bad acts evidence admitted was so unfairly prejudicial that it rendered his trial fundamentally unfair or flawed. Accordingly, the Magistrate Judge found that Martin is not entitled to relief on this claim.

Finally, the Magistrate Judge considered Martin's claim that the state courts' cumulative errors deprived him of his rights to due process and a fair trial. Relying on the Sixth Circuit's decision in *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006), that cumulative error claims are not cognizable on habeas review, the Magistrate Judge held that Martin is not entitled to relief on this claim.

Martin failed to file any objections to the Magistrate Judge's Recommended Disposition and the time for same has passed. Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendation to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections with the Court to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, the Court, having examined the record, is in agreement with the Magistrate Judge's Recommended Disposition.

In determining whether a certificate of appealability should issue as to the petitioner's claims, the Court turns to *Slack v. McDaniel,* 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. In the present case, the Court determines that Martin has not presented a close call or one which is "debatable." Therefore, a certificate of appealability will not issue.

Accordingly, the Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** that:

(1)     the Magistrate Judge's Recommended Disposition [DE #13] is **ADOPTED** as and for the opinion of the Court;

3

(2) Martin's petition for a writ of habeas corpus [DE #1] is **DISMISSED WITH PREJUDICE**;

(3) pursuant to 28 U.S.C. § 2253(c), a certificate of appealability shall not issue;

(4) pursuant to 28 U.S.C. § 1915, Petitioner may not appeal this Order in forma pauperis; and

(5) judgment will be entered contemporaneously herewith.

This June 21, 2013.

Signed By:

*Karl S. Forester* KSF

United States Senior Judge